1 | ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
2 | MICHAEL J. CARROLL (STATE BAR #50246)
220 Montgomery Street, Suite 303
3 | San Francisco, CA 94104
Telephone:    (415) 392-5431
4 | Facsimile:    (415) 392-1978

5 | Attorneys for Plaintiffs

6

7

8 |                  UNITED STATES DISTRICT COURT

9 |              NORTHERN DISTRICT OF CALIFORNIA

10

11 | BOARD OF TRUSTEES OF THE AUTOMOTIVE    )    NO. _____
INDUSTRIES WELFARE FUND; JIM BENO,    )
12 | TRUSTEE,                                                    )
                                                                        )
13 |                        Plaintiffs,                )    COMPLAINT
                                                                        )
14 |            vs.                                                )
                                                                        )
15 | SUNNYVALE AUTO BODY, INC., a             )
California corporation,                           )
16 |                                                                   )
                                                                        )
17 |                        Defendant.                )
     _____)

18 |            Plaintiffs complain of defendant and for a cause of action

19 | allege that:

20 |            1.    Jurisdiction of this Court is founded upon Section

21 | 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C.

22 | §185(a)] and Section 502 of the Employee Retirement Income Security

23 | Act of 1974, said Act being hereinafter referred to as "ERISA" (29

24 | U.S.C. §1132), in that defendant has violated a collective bargaining

25 | agreement and certain Trust Agreements, thereby violating provisions

26 | of ERISA and the provisions of the National Labor Relations Act of

27 | 1947.  This action is also brought pursuant to the Federal Declaratory

28 | Judgment Act (28 U.S.C. § 2201 et seq.) in a case of actual

COMPLAINT

1

1 controversy between plaintiffs and defendant, and for a Judgment that

2 defendant pay fringe benefit contributions in accordance with its

3 contractual obligations.

4       2.    Plaintiffs, BOARD OF TRUSTEES OF THE AUTOMOTIVE

5 INDUSTRIES WELFARE FUND (hereinafter "TRUST FUND"), named in the

6 caption, are trustees of an employee benefit plan within the meaning

7 of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3)

8 and §1132(d)(1), and a multi employer plan within the meaning of

9 §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff

10 JIM BENO is a Trustee. Said TRUST FUND is authorized to maintain suit

11 as an independent legal entity under §502(d)(1) of ERISA, 29 U.S.C.

12 §1132(d)(1).

13       3.    Plaintiffs are informed and believe and thereupon

14 allege that defendant, SUNNYVALE AUTO BODY, INC., resides and does

15 business in Sunnyvale, California. Performance of the obligations to

16 pay fringe benefits set forth in the collective bargaining agreement

17 is in this judicial district. ERISA specifically authorizes Trust

18 Funds to bring this action in the district where the plans are

19 administered, 29 U.S.C. §1132(e)(2); the plans are administered in the

20 Northern District of California.

21       4.    Each and every defendant herein is the agent of each

22 and every other defendant herein. Defendant and each of them are

23 engaged in commerce or in an industry affecting commerce.

24       5.    At all times pertinent hereto defendant entered into

25 a written collective bargaining agreement with International

26 Association of Machinists and Aerospace Workers Local Lodge 1101, a

27 labor organization in an industry affecting commerce. The aforesaid

28 agreement provides that defendant shall make contributions to the

COMPLAINT
2

1  TRUST FUND on behalf of defendant's employees on a regular basis on

2  all hours worked, and that defendant shall be bound to and abide by

3  all the provisions of the Trust Agreement.

4          6.    The Trust Fund relies upon a self reporting system.

5  Defendant has unique knowledge of the amounts of contributions that

6  it is liable to pay each month, and has a fiduciary obligation to

7  accurately report the amount to the Trust Fund.

8          7.    Defendant has breached both the provisions of the

9  collective bargaining agreement and the Trust Agreement above referred

10 to by failing to complete and send in monthly reports and/or to pay

11 all moneys due thereunder on behalf of defendant's employees to the

12 TRUST FUND.  Said breach constitutes a violation of ERISA (29 U.S.C.

13 1002, et seq.) and of the National Labor Relations Act of 1947.

14         8.    Defendant has failed and refused to pay the proper

15 amounts due from January 2006 through June 2007.  Pursuant to the

16 terms of the collective bargaining agreement there is now due, owing

17 and unpaid from defendant to the TRUST FUND on Employer No. 04-

18 15733100-15 contributions in the amount of $1,770.00 and liquidated

19 damages and interest which are specifically provided for by said

20 agreements.  The total amount due as contributions and liquidated

21 damages is $2,124.00; additional amounts may become due during the

22 course of this litigation and in the interest of judicial economy,

23 recovery of said sums will be sought in this case.  Interest is due

24 and owing on all principal amounts due and unpaid at the legal rate

25 from the dates on which the principal amounts due accrued.

26         9.    Demand has been made upon said defendant, but defendant

27 has failed and refused to pay the amounts due the TRUST FUND or any

28 part thereof; and there is still due, owing and unpaid from defendant

COMPLAINT
3

1 | the amounts set forth in Paragraph 8 above.

2 |       10. An actual controversy exists between plaintiffs and
3 | defendant in that plaintiffs contend that plaintiffs are entitled to
4 | a timely monthly payment of trust fund contributions now and in the
5 | future pursuant to the collective bargaining agreement and the Trust
6 | Agreement, and defendant refuses to make such payments in a timely
7 | manner.

8 |       11. The Trust Fund does not at this time seek to audit the
9 | books and records of defendant. The only issue raised in this
10 | complaint is defendant's failure to complete and file voluntary
11 | monthly reports and pay the contributions due. The Trust Fund seeks
12 | to obtain a judgment for any outstanding delinquent contributions
13 | based on defendant's reports and to reserve the right to audit
14 | defendant for this or any other unaudited period.

15 |       12. The Trust Agreement provides that, in the event suit
16 | is instituted to enforce payments due thereunder, the defendant shall
17 | pay court costs and a reasonable attorneys' fee. It has been
18 | necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL
19 | CORPORATION, as attorneys to prosecute the within action, and a
20 | reasonable attorneys' fee should be allowed by the Court on account
21 | of the employment by plaintiff of said attorneys.

22 |       WHEREFORE, plaintiff prays:

23 |       1. That the Court render a judgment on behalf of plaintiffs
24 | for all contributions due and owing to the date of judgment based upon
25 | unaudited reporting forms, plus liquidated damages provided for by the
26 | contract, interest at the legal rate, reasonable attorneys' fees
27 | incurred in prosecuting this action and costs.

28 |       2. That the Court enjoin the defendant from violating the

COMPLAINT
4

1 terms of the collective bargaining agreement and the Trust Agreements

2 for the full period for which defendant is contractually bound to file

3 reports and pay contributions to the TRUST FUND.

4      3.  That the Court reserve plaintiffs' contractual right to

5 audit defendant for months prior to judgment, and in the event of such

6 audit, collect any additional sums which may be due.

7      4.  That the Court retain jurisdiction of this cause pending

8 compliance with its orders.

9      5.  For such other and further relief as the Court deems

10 just and proper.

11 DATED: March 4, 2008

12                          ERSKINE & TULLEY
                         A PROFESSIONAL CORPORATION

13

14                          By:_____

15                             Michael J. Carroll
                            Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28